| | |
|---|---|
| Case No.   CV 20-11098 GW (PVC) | Date: December 14, 2020 |
| Title   Steven Williams v. TextNow, Inc., et al. | |

Present: The Honorable **Pedro V. Castillo**, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**PROCEEDINGS:**   **[IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA PURSUANT TO 28 U.S.C. § 1404(a)**

On December 4, 2020, Plaintiff, a pre-trial detainee in custody at the Highlands County Jail in Sebring, Florida, filed what appears to be a *pro se* civil rights complaint under 42 U.S.C. § 1983.  ("Complaint," Dkt. No. 1).  Plaintiff is awaiting trial on charges of aggravated stalking, violation of an injunction for protection against stalking, and use of a two-way communications device to facilitate a felony.  (*Id.* at 18).  Plaintiff sues Highlands County Sheriff Paul Blackman, Highlands County Deputy Sheriff John Garrison, Highlands County District Attorney Drew Davis, (collectively, the "Individual Defendants") and TextNow, Inc. ("TextNow"), a private company with offices in Waterloo, Ontario in Canada and, purportedly, Sacramento, California.  (*See id.* at 3, 17).

While the Complaint is difficult to decipher, Plaintiff appears to allege that Deputy Garrison improperly obtained copies of Plaintiff's texts and emails from TextNow pursuant to a subpoena but without a warrant in violation of Plaintiff's Fourth and Fourteenth Amendment rights.  (*Id.* at 3-4).  Plaintiff alleges that Sheriff Blackman is liable because his agency conducted the warrantless search, and DA Davis is liable for prosecuting the case against Plaintiff based on unlawfully-obtained evidence.  (*Id.* at 3).

Plaintiff's claims, as currently pled, suffer from several obvious defects, some of which are likely to be fatal.  However, whether or not Plaintiff will ultimately be able to state a cognizable federal claim based on these facts, it is readily apparent that the Central District of California is an improper forum.  All of the events alleged in the Complaint against the Individual Defendants occurred in Florida.  Although TextNow appears to be an improper Defendant in a § 1983 action because it is not a state actor, even if it could be deemed a state actor, it is located in Canada and, allegedly, the Eastern District of California, which encompasses Sacramento.[1]  *See Kirtley v. Rainey*, 326 F.3d 1088, 1092-95 (9th Cir. 2003) (identifying circumstances in which a private citizen may be deemed a state actor under § 1983).  Like Plaintiff, none of the Defendants is a resident of this judicial district.  The Central District of California does not have any connection whatsoever to the acts and omissions alleged in Plaintiff's Complaint.

Under 28 U.S.C. § 1404, a district court "[f]or the convenience of parties and witnesses, in the interest of justice, may transfer any civil action to any other district or division where it might have been brought. . . ."  28 U.S.C. § 1404(a).  Transfer of venue pursuant to § 1404(a) may be made by motion of either party or by the court *sua sponte*, so long as the parties are first given the opportunity to present their views on the issue.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986); *see also Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241-42 (S.D. Cal. 2013) (same).

A court's analysis under § 1404(a) has two steps.  First, the court must decide whether the action "might have been brought" in a transferee court.  *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).  If so, the court moves to the second step, in

---

[1] The Sheriff's Report attached as an exhibit to the Complaint lists addresses for TextNow in Ontario and Sacramento.  (Complaint at 17).  However, TextNow's website lists offices in Ontario and San Francisco, California.  *See* https://about.textnow.com/contact/.  A San Francisco address for TextNow would still not render the Central District a proper venue for this matter because San Francisco is located in the Northern District of California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 20-11098 GW (PVC) | Date: December 14, 2020 |
| Title Steven Williams v. TextNow, Inc., et al. | |

which it must consider whether transferring the case is best for convenience and fairness to the parties and the interests of justice. In determining whether transfer is appropriate in a particular case, a court should consider: (1) the plaintiff's choice of forum; (2) the parties' contacts with the forum; (3) the contacts in the chosen forum that relate to the plaintiff's claims; (4) the costs of litigation in available forums; (5) the availability of compulsory process to compel the attendance of unwilling witnesses; (6) access to evidence; (7) the interest in having localized controversies decided in that forum; (8) the unfairness of imposing jury duty on citizens in an unrelated forum; and (9) the congestion of dockets in the two districts, measured by the median number of months from filing to trial. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

Here, the transferee forum -- the Southern District of Florida -- is one in which this action "might have been brought" initially because the vast majority of the events at issue in the Complaint occurred there and the Individual Defendants reside there. *See* 28 U.S.C. § 1391(e). The balance of the "second step" factors appears to favor transfer to the Southern District of Florida. None of the events at issue occurred in this district, no witness to the events resides in this district, and none of the relevant evidence is located in this district. In contrast, Plaintiff's claims plainly arose in the Southern District of Florida because that it where all of the primary events at issue occurred and where all of the Individual Defendants reside.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE, within **twenty-one (21) days** of the date of this Order, why this action should not be transferred to the United States District Court for the Southern District of Florida. Plaintiff may discharge this Order by filing a declaration setting forth any reason why venue should remain in the Central District of California or stating that Plaintiff does not oppose the transfer.

Alternatively, instead of filing a response to this Order, Plaintiff may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for Plaintiff's convenience.** However, Plaintiff is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 20-11098 GW (PVC) | Date: December 14, 2020 |
| Title Steven Williams v. TextNow, Inc., et al. | |

advised that any dismissed claims may later be subject to the applicable statute of limitations.

**Plaintiff is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for failure to comply with Court orders and failure to prosecute.** *See* Fed. R. Civ. P. 41(b).

The Clerk of the Court is directed to serve a copy of this Order upon Plaintiff at his address of record.

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |